**TRUSTEES OF the OPERATING ENGINEERS PENSION TRUST; et al., Plaintiffs—Appellees,**

v.

**Alex PATAPOFF, an individual doing business as Nancie's Sweeping, Defendant—Appellant.**

No. 05–56241.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 13, 2006.

Benjamin Frederick Scotti, Esq., Laquer, Urban, Clifford, & Hodge, Pasadena, CA, for Plaintiffs–Appellees.

Alex Patapoff, Pico Rivera, CA, for Defendant–Appellant.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Alex Patapoff appeals pro se from the district court's summary judgment against him in this action brought by the Trustees of the Operating Engineers Pension Trust ("Trustees") under the Employee Retirement Income Security Act ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Oregon Paralyzed Veterans of America v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1130 (9th Cir.2003), and review for abuse of discretion an award of attorney's fees under ERISA, *Williams v. Caterpillar, Inc.*, 944 F.2d 658, 668 (9th Cir.1991). We affirm.

The Trustees filed an amended complaint against Alex Patapoff as an individual who did business as "Nancie's Sweeping," a California corporation. The Trustees presented evidence that Nancie's Sweeping failed to pay fringe benefit contributions in the sum of $15,190.49 due under the Agreement and Master Labor Agreement. Because Patapoff has not offered any evidence to the contrary, the district court properly granted summary judgment to the Trustees.

The district court did not abuse its discretion in awarding attorneys fees to the Trustees. *See Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir.2003) ("Successful plaintiffs in ERISA suits should ordinarily recover fees unless special circumstances would render such an award unjust.").

Patapoff' s remaining contentions lack merit.

**AFFIRMED.**

---

** The disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.